## Ewing *et al. v.* Glidwell *et al.*

A writ of error will not lie from a judgment on a voluntary nonsuit.
In this state the courts do not possess the power to compel a party to a non-
suit.

ERROR to the circuit court of Warren county.

This was an action of *assumpsit* brought by Ewing & Cromey, against Glidwell, Green & Co., as acceptors of a bill of exchange, drawn by J. N. Glidwell, on Glidwell, Green & Co., at Vicks-burg. The words, " payable, Union Bank, La.," were written on the face of the bill, below the signatures of the defendants, the acceptors.

The plaintiffs' declaration described the bill as payable at the Union Bank, La.

The defendants pleaded the general issue; and on the trial, the court excluded the bill from the jury, for variance, on the ground that the words written below the defendant's name constituted no part of the acceptance.

The plaintiffs took a nonsuit, and judgment was rendered against them for costs. And they have brought their writ of error to reverse the judgment, on said nonsuit.

A bill of exceptions was taken, and signed by the court, as to the exclusion of the testimony.

Norcom and Mayson, for the plaintiffs in error.

A writ of error lies in case of nonsuit. 2 Johns. Rep. 9; 6 Johns. Rep. 110. The court erred in refusing to allow the bill to go to the jury. The words in question, so far as they were descriptive of the bill, were correct, and no objection is taken to them on that ground; and so far, they served to identify the bill, and were proper in the declaration. In the action against acceptors, it has been decided that no demand of payment need be proved at the

[Ewing *et al. v.* Glidwell *et al.*]

place where bill was accepted to be paid. Toden *v.* Sharp, 4 Johns. Rep. 183; 1 Bay's Rep. 222.

If then it be an averment of which no proof is required, it will be considered not an averment, but meant as descriptive. See Saxton *v.* Johnson, 10 Johns. Rep. 418.

Or if neither it must be mere surplusage, and as such may be struck out. If unnecessary then it is surplusage. 3 Cr. 193. Surplusage does not vitiate. 1 Bibb, 328, 104; and Chitty on Bills.

This is so plain a matter, that it seemed unnecessary to have said a word on the subject.

Mayes, for the defendants.

Two cases in Johnson's Reports are relied on. In the first, the nonsuit was not voluntary. The case in 6 Johnson, is not so reported that we can tell whether the nonsuit was or was not voluntary. These cases are conceived not to be law, even if they apply to a case of voluntary nonsuit. See authorities referred to in the case in 2 Johnson. Precisely such a case as the present occurred, with the exception that in the case referred to, there was a motion to set aside the nonsuit, and the Supreme Court of the United States decided, that a writ of error did not lie. United States *v.* Evans, 5 Cranch, 280.

But it was not error to reject or refuse that the paper be read in evidence.

1. Because of the variance. The place of payment was written below the signatures. In what handwriting does not appear. It may or may not have been placed there by the acceptors as part of the acceptance. If not placed there by them as part of the acceptance, there was a variance, and it should have been shown by the plaintiffs that it was part of the acceptance. If the plea of *non assumpsit* not sworn to, only admitted the signing, the plaintiff should prove every thing necessary to make out his case, except the signing by the acceptors. To make out his case as stated in his declaration, it was not only necessary to establish the signature of the defendants, but that that which followed it was part of the acceptance, for he had stated a special acceptance. If the plea of *non assumpsit*, without oath, admits the signature to the acceptance as stated in the declaration, and that is conceived

[Ewing *et al. v.* Glidwell *et al.*]

by the defendants' counsel to be the true construction of the statute, then, 2. It was not error to refuse to permit the paper to be read. The action being against acceptors, the plaintiff had no need to introduce the bill as his *prima facie* right was admitted by the pleadings to exist as stated in the declaration, and he had the right to recover, without the production of the bill. Unless the defendants gave evidence of some bar, he needed no evidence. It was idle and impertinent to offer it, and it cannot be error to reject that which if admitted, conduces to prove no fact not admitted by the pleadings. If the court upon rejecting the bill as evidence, had instructed the jury to find as in case of nonsuit, such instruction would have been erroneous. The plaintiff should have moved the court to instruct the jury to find for him. The jury retired, and, it may be, would have found as in the then state of the case they should have found, for the plaintiff, but he made default, and voluntarily suffered a nonsuit. Under these circumstances, it was right to enter judgment against him for the costs.

Mr. Justice TROTTER delivered the opinion of the court.

This was an action of *assumpsit,* in the Warren circuit court, upon a bill of exchange. The defendants pleaded *nonassumpsit.* On the trial, the plaintiffs offered to read to the jury the bill on which the suit was brought, which the court refused, on the ground of variance in the description of the bill declared on, from the one offered in evidence. The plaintiffs then suffered a nonsuit, and there was judgment against them for the costs.

In answer to the assignment of errors, it was insisted by the counsel for the defendants, that this is not a proper case for a writ of error, and that error will not lie from a judgment for a voluntary nonsuit. It is very evident that the reasons in support of appeals and writs of error, cannot be made to embrace the case of a voluntary default; for, in that case, though the judgment be ever so erroneous, yet being a consequence of the party's own conduct, he cannot be heard to impeach it. It is a judgment sought by the party, and supposed to be rendered for his benefit. How then can he complain of it? Can it be assigned for error that the court allowed the plaintiff to take the step asked for by himself? This view of the subject has been taken by the courts

[*Ewing et al. v.* Glidwell *et al.*]

in England, and also by those in this country. In the case of Kempland *v.* M'Cauley, 4 D. & E. 436, it was held by all the judges, that error would not lie on a voluntary nonsuit. They say " it is apparent that there can be no error of which the plaintiff can avail himself; for if the record were manifestly erroneous, the plaintiff, who has made default by suffering a nonsuit, can never have a judgment afterwards in his favor." The case of Bax *v.* Bennet, 1 H. Black. 432, is an authority for the same doctrine. The case of Evans *v.* The United States, 5 Cranch, 280, is identical in principle with the one before us, and it was there held by the Supreme Court of the United States, that error could not be supported. In support of the writ of error, the counsel for the plaintiffs have relied on the case of Smith *v.* Lutts, 2 Johns. Rep. 9; and other cases decided by the Supreme Court of New York. But upon looking into these, we find, that in each of them the nonsuit was compulsory, was the judgment of the court upon the motion of the defendant, and that it was resisted by the plaintiff; such was the case of Smith *v.* Lutts. In Van De Veer *v.* Staunton, 1 Cowen, 82, the justice before whom the cause was tried, nonsuited the plaintiff on the motion of the defendant, and gave judgment against him for the costs. The Supreme Court says " the justice erred in nonsuiting the plaintiff." In Schermerhorn *v.* Jenkins, 7 Johns. Rep. 373, the same principle is stated. It was an action of assault and battery by an infant. The defendant pleaded in chief. It was admitted at the trial that the plaintiff was an infant. The defendant thereupon moved for a nonsuit, unless a guardian was appointed for the plaintiff, and none being appointed, the court ordered the plaintiff to be nonsuited. In New York, the courts possess the power to nonsuit the plaintiff; and when this is done against his consent, he should be allowed to impeach the decision. In this state, the courts possess no such power, and never exercise it. The utmost extent to which they can go is, to instruct the jury to find a verdict as in case of nonsuit, and this is often done. When erroneously done, the plaintiff has an undoubted right, upon principle and authority, to review the judgment in the court of errors. In the present case, the plaintiff voluntarily abandoned his cause, made default in the language of the books, and suffered a nonsuit. This step, on his

[Ewing *et al. v.* Glidwell *et al.*]

part, may have been superinduced by an error in the court in rejecting his proof; but that cannot alter the effect of the judgment. We cannot look into the motives which influenced the plaintiff. It is sufficient that the record informs us that he was nonsuited by his consent, and on his own motion.

Let the cause be dismissed with costs to the defendant, &c.